IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| AMERICAN BLUE RIBBONS HOLDING, LLC d/b/a LEGENDARY BAKING | ) ) ) ) | |
| Defendant. | ) ) ) ) | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Patricia Hall. As alleged with greater particularity in paragraphs 13-15 below, Defendant American Blue Ribbons Holding, LLC d/b/a Legendary Baking ("Defendant" or "Legendary Baking") discriminating against Patricia Hall on the basis of her disability by denying her reasonable accommodations, terminating her employment and failing to rehire her.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES AND OTHER PERSONS

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Tennessee corporation doing business in the State of Illinois and the City of Oak Forest and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7). At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

6. Charging Party Patricia Hall was hired by Defendant as a Sanitation employee on or about September 28, 2000 and discharged by Defendant on or about October 26, 2011.

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Hall filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On September 30, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On September 15, 2015, the Commission issued an Amended Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission, and on October 7, 2015, issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

13. Patricia Hall is an individual with a disability under Section 3 of the ADA, 42 U.S.C. § 12102. In or about April 2011, Hall fell down at her home injuring her neck and back. As a result, Hall suffered from CSP Myelopathy, which required surgery. She suffered chronic back pain and stiffening of her legs, and was unable to use her legs for a period of time. Hall's injury to her back and neck are impairments and/or resulted in impairments that substantially limited her major life activities, including, but not limited to, walking, lifting, and musculoskeletal function.

14. At all relevant times, Hall could perform the essential functions of her position as a Sanitation employee with or without reasonable accommodation and was a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

15. Since at least August 2011, Defendant has engaged in unlawful employment practices at its Oak Forest, Illinois facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), by discriminating against Hall on the basis of her disability. These unlawful employment practices include denying Hall reasonable accommodations, terminating Hall because of her disability, and by failing to rehire Hall because of her disability:

(a) Hall requested reasonable accommodations of extension of leave of absence and/or return to work with restrictions or in a temporary light duty capacity. Defendant denied these accommodations and terminated Hall's employment.

(b) Following her termination, Hall applied for re-hire on at least two occasions, but Defendant refused to rehire her.

16. The effect of the practices complained of in paragraph 15 above has been to deprive Hall of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

17. The unlawful employment practices complained of in paragraph 15 above were intentional.

18. The unlawful employment practices complained of in paragraph 15 above were done with malice or with reckless indifference to the federally protected rights of Hall.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of disability or retaliation;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Hall by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practice, including, but not limited to, rightful place reinstatement;

D. Order Defendant to make whole Hall by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above.

E. Order Defendant to make whole Hall by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 15 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    P. David Lopez
    General Counsel

    James Lee
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
    131 M Street, N.E.
    Washington, D.C. 20507

    /s/ John C. Hendrickson
    John C. Hendrickson
    Regional Attorney

    /s/ Gregory M. Gochanour
    Gregory M. Gochanour
    Supervisory Trial Attorney

    /s/ Laurie S. Elkin
    Laurie S. Elkin
    Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    500 West Madison Street, Suite 2000
    Chicago, Illinois 60661
    312-869-8107